FILED
MAY 2 6 2006
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| GLENDA JEAN HUGGINS, | * | CIV. 05-4162 |
| Plaintiff, | * | |
| vs. | * | |
| REPUBLIC EXPRESS, INC. and LARRY LEE TENHOFF, | * | MEMORANDUM OPINION AND ORDER |
| Defendants and Third Party Plaintiffs, | * | |
| vs. | * | |
| DONNA PUETZ, | * | |
| Third Party Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff, Glenda Jean Huggins, brought her personal injury lawsuit against Defendants Republic Express, Inc. and Larry Lee Tenhoff in the Second Judicial Circuit of South Dakota State Court. Defendants Republic Express, Inc. and Larry Lee Tenhoff removed the action to Federal District Court, answered the Complaint, and filed and served a Third-Party Complaint against Third-Party Defendant, Donna Puetz. Doc. 1, 6, and 8. Pending before the Court is Third-Party Defendant Donna Puetz' motion to dismiss Third-Party Complaint under FED. R. CIV. P. 12(b)(6) for failure to state a cause of action upon which relief can be granted. Doc. 11.

In resisting the motion to dismiss Third-Party Complaint, Defendants and Third-Party Plaintiffs submitted an affidavit of counsel which attached fifteen pages of medical records pertaining to Plaintiff, Glenda Huggins. Doc. 17. In her reply brief in support of her motion to dismiss, Third-Party Defendant, Donna Puetz, also referenced the information contained in Plaintiff's medical records. Since Third-Party Plaintiffs and Third-Party Defendant are all relying

on matters outside the pleadings, this Court is treating Third-Party Defendant's motion to dismiss Third-Party Complaint as a motion for summary judgment. *See* FED. R. EVID. 12(b).[1]

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).

## WHETHER THIRD-PARTY DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT AGAINST THIRD-PARTY PLAINTIFF?

<u>Factual Background</u>

Defendant and Third-Party Plaintiff Larry Tenhoff, a Minnesota resident, while in the course and scope of his employment with Defendant and Third-Party Plaintiff Republic Express, Inc., was driving a tractor trailer on Interstate 90 in Minnehaha County on January 31, 2005. The tractor trailer collided with the back of the vehicle driven by Plaintiff, Glenda Huggins, a South Dakota resident. Plaintiff's vehicle rolled approximately eight times. Plaintiff suffered vertigo, neck pain, headache and a left hand fracture. She was prescribed physical therapy for cervical muscle massage. On March 16, 2005, while waiting to be seen by her orthopaedic physician at the Orthopedic Institute in Mitchell, South Dakota, she was hit by an automobile driven by Third-Party Defendant, Donna

---

[1] FED. R. EVID. 12(b) provides in part:
> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

2

Puetz, when Puetz' vehicle accidentally crashed through the wall of the Orthopedic Institute. The impact caused Plaintiff to be thrown across the waiting room of the Orthopedic Institute.

Plaintiff's medical records dated March 16, 2005, refer to the accident at the Orthopedic Institute, and report, "She denied loss of consciousness but stated that it has exacerbated the headache, neck pain, and vertigo." Plaintiff's medical records dated March 24, 2005, report that Plaintiff's accident at the Orthopedic Institute "exacerbated her headaches and neck and back pain as well as balance complaints." Plaintiff's medical records dated March 31, 2005, report:

> Since [the accident at the Orthopedic Institute] the patient has had significant neck pain, worse than before, low back pain radiating to bilateral buttocks and posterior lower extremities, down to her feet as well as numbness and tingling complaints in her lower extremities and feet. Now, she also complains of mid back and thoracic pain. Since that time as well the pain in her left hand as (sic) significantly worsened and she is starting to see some swelling, temperature changes and intolerance to movement and simple touching.

## Request for Indemnity and Contribution

In their third-party complaint, Defendants and Third-Party Plaintiffs, Larry Tenhoff and Republic Express, Inc., requested judgment against Third-Party Defendant Donna Puetz for indemnity for any and all damages which Defendants may be found liable to Plaintiff. In the alternative, Third-Party Plaintiffs Larry Tenhoff and Republic Express, Inc., requested that if adjudged at fault to any degree, that the relative degrees of fault and liability of Third-Party Plaintiffs and Third-Party Defendant Donna Puetz should be determined to assess the extent of liability of each of the parties.

Indemnity is a remedial measure which operates to secure the right of the first party to be reimbursed by the second party for the discharge of a liability which, as between the parties, should equitably be discharged by the second party. *Ebert v. Fort Pierre Moose Lodge # 1813*, 312 N.W.2d 119, 122 (S.D. 1981). However, in South Dakota, indemnity is an "all-or-nothing" proposition, whereby in order to be entitled to indemnity, one must show a "'proportionate absence of contributing fault.'" *Ebert*, 312 N.W.2d at 123 (quoting *Degen v. Bayman*, 200 N.W.2d 134, 137 (1972)). A joint tortfeasor may recover indemnity in the instance where he has only an imputed or vicarious liability for damages caused by another tortfeasor. *Degen v. Bayman*, 200 N.W.2d 134, 137

3

(1972). Indemnity is not a means by which a portion of liability, comparative with the proportion of fault can be shifted to another party. *Parker v. Stetson-Ross Machine Co., Inc.*, 427 F.Supp. 249, 251 (D.S.D. 1977). In this case, Third-Party Defendants cannot claim that they have only imputed or vicarious liability for damages allegedly caused by Third-Party Defendant Donna Puetz. Third-Party Plaintiffs are not entitled to indemnity from Third-Party Defendant Donna Puetz, and Third-Party Defendant Donna Puetz is entitled to summary judgment with regard to Third-Party Defendants' claim for indemnity.

Until the adoption of the Uniform Contribution among Tortfeasors Act, no right of contribution existed among joint tortfeasors. *Burmeister v. Youngstrom*, 139 N.W.2d 226, 230 (S.D. 1966). S.D.C.L. § 15-8-11 defines "joint tort-feasors" as "two or more persons jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of them." The South Dakota Supreme Court has stated, "We believe it abundantly clear that the right to contribution is determined by whether there is joint or several liability rather than by the presence of joint or concurring negligence." *Burmeister v. Youngstrom*, 139 N.W.2d 226, 231 (S.D. 1966).

In *Brown v. Murdy*, 102 N.W.2d 664 (S.D. 1960), a plaintiff brought a malpractice against a physician for allegedly negligently setting and treating a fracture of the tibia of his left leg which resulted in the amputation of his left foot. The physician defendant served a third-party complaint on another physician who treated the plaintiff after the first physician and before the amputation of the left foot. The plaintiff amended his complaint asking for liability to be determined against both physicians if both acted negligently. The third-party defendant in *Brown* moved to dismiss for failure to state a cause of action against the third- party defendant and for misjoinder of parties defendant. The trial court dismissed the third-party complaint, dismissed the amended complaint, and reinstated the original complaint. The South Dakota Supreme Court reversed the trial court and remanded the case with directions to reinstate the third-party complaint and the amended complaint of the plaintiff.

The South Dakota Supreme Court explained its holding in *Brown* as follows:

> In this case there is community of wrongdoing pleaded. Both tortfeasors are alleged to have successively treated the plaintiff for the same injury. It is also pleaded in effect that the combined negligence of the two defendants concurred in producing the same indivisible injury to the plaintiff. 'There is

4

> much authority in favor of the principle that joint, or more precisely, joint and several, liability may exist notwithstanding the absence of concerted action on the part of wrongdoers. Thus, where the independent tortious acts of two or more persons supplement one another and concur in contributing to and producing a single indivisible injury, such persons have in legal contemplation been regarded as joint tort-feasors, notwithstanding the absence of concerted action.' 52 Am.Jur., Torts, § 112, page 451.

102 N.W.2d at 667.

In the case at hand, although there was no concerted action between the third-party plaintiffs and the third-party defendant, when viewing the facts in the light most favorable to the nonmoving party, a genuine issue of material fact exists as to whether the independent acts of the third-party plaintiffs and the third-party defendant supplemented one another and concurred in contributing to and producing a single indivisible injury to Plaintiff. The third-party defendant, therefore, is not entitled to summary judgment on the claim in the third-party complaint for contribution. Accordingly,

**IT IS ORDERED** that Third-Party Defendant Donna Puetz' motion to dismiss third-party complaint (Doc. 11), which motion this Court has treated as a motion for summary judgment, is granted with regard to the claim for indemnification, but denied with regard to the alternative claim for contribution.

Dated this 26th day of May, 2006.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _Sharon Sulo_
(SEAL)    DEPUTY